MEMORANDUM **
Gasim Abuhawa petitions for review of a Board of Immigration Appeals (BIA) decision that dismissed his appeal of an Immigration Judge’s (IJ) decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture. He also petitions for review of the BIA’s subsequent decisions denying his motions to reopen and reconsider. We grant his initial petition for review, No. 05-75276, and dismiss the subsequent two petitions, Nos. 05-77269 and 06-73290. We remand for further proceedings consistent with this decision.
The BIA held that Abuhawa was not credible because he “failed to present sufficient evidence to establish his identity.” An asylum applicant’s credible testimony is, on its own, sufficient to meet his burden of establishing eligibility for asylum, including his burden to establish his “identity.” See Ladha v. INS, 215 F.3d 889, 900 (9th Cir.2000).[1] However, where there is a legitimate reason to question an applicant’s credibility, the applicant’s unexplained failure to produce “non-duplicative, material, easily available corroborating evidence” may support an adverse credibility finding, and thus a conclusion that he has failed to meet his burden of proof. Sidhu v. INS, 220 F.3d 1085, 1092 (9th Cir.2000).
Abuhawa testified that he is a native and citizen of Sudan, and that he was born on January 5, 1973. He also submitted photocopies of his passport and visa, both of which reflect his Sudanese citizenship, but list a birth date of January 5, *743 1978, five years later than the date to which he testified. He provided an explanation for the discrepancy: Sudan has a policy of denying passports to men over the age of 21. In order to receive permission to leave the country, he obtained his passport and visa through unofficial channels, using a fraudulent birth date. Id.
In addition to the copies of his passport and visa, Abuhawa submitted a photocopy of his birth certificate.[2] He testified that his father had obtained the birth certificate through normal, official channels. The birth certificate reflects a birth date of January 5, 1973, which, as noted above, Abuhawa testified to be his true birth date.
The BIA’s adverse credibility finding is based on speculation and legal error regarding the evidence produced by Abuha-wa. First, it is well-established that the fact that an asylum applicant relied on fraudulent identity documents to gain entry into the United States may not serve as the basis for an adverse credibility finding. See Akinmade v. INS, 196 F.3d 951, 956 (9th Cir.1999); In re O-D-, 21 I. & N. Dec. 1079, 1081 (1998). Accordingly, the fact that Abuhawa’s passport and visa contained inaccurate birthdates because, as he explained, he had to lie about his age in order to be able to leave the Sudan, was not a permissible basis for an adverse credibility determination.
Next, the BIA questioned the accuracy of Abuhawa’s birth certificate because it was “handwritten” and “not authenticated.” However, in the absence of specific evidence undermining the reliability of an asylum applicant’s documentary evidence, “[m]ere failure to authenticate [the] documents ... does not constitute a sufficient foundation for an adverse credibility finding.” Wang v. INS, 352 F.3d 1250, 1254 (9th Cir.2003). Further, the BIA provided no explanation or support for its assumption that a true Sudanese birth certificate would be entirely type-written. Its “basis for questioning the[ ] document[ ] ‘amounts to nothing more than a subjective view of what [the document] would look like.’” Id. at 1255 (quoting Shah v. INS, 220 F.3d 1062, 1071 (9th Cir.2000)). “Our substantial evidence standard requires more for an adverse credibility finding.” Id.
Finally, the BIA found Abuhawa incredible because he had “testified ... that he is currently in possession of an original copy of his birth certificate,” yet failed to submit the original at a subsequent proceeding. However, as described above, the BIA has provided no “legitimate reason” to question Abuhawa’s credibility that would permit it to base an adverse credibility determination on his failure to provide corroboration. See Salaam v. INS, 229 F.3d 1234, 1239 (9th Cir.2000) (holding that corroboration may be required under Sidhu only where there is a “legitimate reason” to question the applicant’s credibility). Further, even assuming there was a legitimate reason to question Abuhawa’s credibility, the BIA erred by basing an adverse credibility determination on his failure to provide a specific corroborating document without providing him with notice that that document was required. “[D]ue process requires that an applicant be given a second opportunity to establish eligibility for asylum where the adverse credibility determination was based, without notice to the applicant, on a failure to produce” corroborating evi *744 dence.[3] Zi Lin Chen v. Ashcroft, 362 F.3d 611, 620 (9th Cir.2004). Abuhawa was not on notice that the photocopied birth certificate that he provided was unacceptable, and that he would need to produce the original at a subsequent hearing. Accordingly, the BIA could not base an adverse credibility determination on his failure to do so.
Because the BIA’s adverse credibility finding is not supported by substantial evidence, we GRANT the petition, REVERSE the adverse credibility finding, and REMAND for further proceedings. On remand, the BIA is not precluded from re-evaluating Abuhawa’s credibility, although in doing so it may not, of course, draw adverse inferences on the bases that we have here rejected. See Soto-Olarte v. Holder, 555 F.3d 1089, 1093-96 (9th Cir.2009).
GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Ladha's rule that corroboration may not be required from a credible applicant has been superceded by the REAL ID Act. See Aden v. Holder, 589 F.3d 1040, 1043-44 (9th Cir.2009). However, because Abuhawa applied for asylum before May 11, 2005, his case is governed by pre-REAL ID Act standards. See id. at 1044 n. 6.

. The photocopied birth certificate lists an issue date of September 14, 1997. At his hearing, Abuhawa explained that the birth certificate issued at the time of his birth had been lost, and that the birth certificate issued on September 14, 1997 was an official replacement. It is clear that the "original” birth certificate to which the BIA refers in its decision is the original, as opposed to the photocopied, version of the birth certificate issued on September 14, 1997.

. We have recently held that Due Process does not require an IJ to provide notice before requiring corroboration from an asylum applicant whose claim is governed by the REAL ID Act, because the Act itself provides sufficient notice that corroboration may be required. See Singh v. Holder, 602 F.3d 982, 990 n. 9 (9th Cir.2010). Singh does not apply to this case, which is governed by pre-REAL ID Act standards. See supra, note 1.